# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20085-01-KHV |
| BARBARA PORTER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On June 17, 2010, defendant was charged in a three count indictment. On June 18, 2010, defendant appeared for arraignment and entered pleas of not guilty. She is currently on pretrial release bond. This matter is before the Court on defendant's Motion For Extension Of Time To File Pretrial Motions And Motion For Continuance Of Jury Trial Setting (Doc. #13) filed June 24, 2010. Defendant seeks an extension of time from July 20, 2010 to September 15, 2010 to file pretrial motions. Defendant also seeks an unspecific continuance of the trial now set for August 16, 2010. The government has not yet provided discovery, and counsel anticipates that he will require a great deal of time to review discovery in light of the serious nature of the charges. Further, counsel will be out of the country during the first two weeks of August.

The Court expects that most cases will proceed to trial with no continuances and that trial will commence within 70 days of the filing of the indictment or information or the defendant's appearance, whichever occurs last. See 18 U.S.C. § 3161(c)(1). Although it appears that the trial must be delayed some period, defense counsel has not shown that he needs significantly more than the standard 70 days to investigate this case and prepare a defense.

Defense counsel seeks the continuance under 18 U.S.C. § 3161(h)(7)(A).[1] The United States Supreme Court recently reiterated that district courts must make recorded findings justifying an ends-of-justice exclusion under Section 3161(h)(7). Bloate v. United States, 130 S.Ct. 1345, 1357-58 (Mar. 8, 2010) (time to prepare pretrial motions excludable only upon an ends-of-justice continuance); see United States v. Stimatze, No. 10-40027-01-SAC, 2010 WL 864477, at *1 (D. Kan. Mar. 10, 2010) (noting that requirement ensures that district court considers relevant factors and provides appellate court with adequate record to review). The Court must make a record of its reasons for finding that "the ends of justice served by granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial." Bloate, 130 S.Ct. 1345 at 1358 (citing 18 U.S.C. § 3161(h)(7)(A)).[2] The record must not only identify the circumstances or events offered for the continuance but it must explain how they have created the need for additional time. See United States v. Toombs, 574 F.3d 1262, 1269, 1273 (10th Cir. 2009) ("conclusory statements" are inadequate; court must inquire into nature, extent and quantity of evidence and into amount of

---

[1] Defendant cites § 3161(h)(8), but Congress has amended the Speedy Trial Act and the relevant exception is now codified at § 3161(h)(7).

[2] The Supreme Court has explained the ends-of-justice continuance as follows:

The exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the Act and, in allowing district courts to grant such continuances, Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases. But it is equally clear that Congress, knowing that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured, saw a danger that such continuances could get out of hand and subvert the Act's detailed scheme. The strategy of § 3161(h)[(7)], then, is to counteract substantive openendedness with procedural strictness. This provision demands on-the-record findings and specifies in some detail certain factors that a judge must consider in making those findings.

Zedner v. United States, 547 U.S. 489, 508-09 (2006).

time needed).³ This Court recently addressed the kinds of information counsel should provide in seeking a continuance based on the ends of justice. See Stimatze, 2010 WL 864477, at *3-4 (providing examples of types of specific and detailed reasons and information required to sustain court findings for such continuances). Defendant's motion does not provide the information required for the Court to make an ends-of-justice finding at this time.

**IT IS THEREFORE ORDERED** that defendant's Motion For Extension Of Time To File Pretrial Motions And Motion For Continuance Of Jury Trial Setting (Doc. #13) filed June 24, 2010 be and hereby is **OVERRULED**.

Dated this 2nd day of July 2, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

³ In Toombs, the Tenth Circuit set forth the procedural standards for ends-of justice exclusions, as follows:

> the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient. For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial. Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.

Toombs, 574 F.3d at 1271-72 (internal citations and footnote omitted).